[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion before the court is for a modification of judgement to require defendant to pay an equal share of the minor child Justin tuition expenses for the child's attendance at St. Joseph's School in Thompson, Connecticut.
The standard for review for a modification of judgment pertaining to issues concerning minor children is that of the best interest of the child. Connecticut General Statutes Section 46b-56 as amended. Irelandvs. Ireland, 246 Conn. 413 (1998). In this particular case in the original judgment, the parties agreed, which agreement was adopted as the judgment of the court, that the parties would share the expense or tuition for the minor children to attend parochial or other private CT Page 16081 schools. Originally, the parties had joint custody and the parties had agreed that it was in the children's best interest to attend the parochial school in Thompson for the children grades 1-8. Subsequent to the initial decree, the parties moved for a change in custody and visitation and this court modified custody and visitation effective January 1, 2001. The court, in addition thereto, ordered that the defendant pay for parochial school tuition. If the defendant agreed that it was the best interest of the minor child Justin to attend parochial school, in that event, he was required to pay 50 percent of the tuition expense. As a consequence of those orders, the defendant refused to consent that it was in the best interest of the minor child to attend parochial school and accordingly refused to pay the 50 percent tuition. This motion followed. The parties are not in the agreement as to what is in the best interest of the child, accordingly, the plaintiff has moved to modify the judgment to require the defendant to pay 50 percent of the tuition if the minor child attends the parochial school.
The issue of what is in the best interest of the child is factual in nature. The facts that have to be reviewed when dealing with educational opportunities or school placement are a broad spectrum. What must be taken into account is the level of education available in the chosen system, the discipline present, the level of achievement expected from the students, quality and expertise of the teachers, the nature of the after school activities available to the student, and the peer group within which the entire scholastic experience occurs. It is significant in this case that the parties, in 1998, when the original judgment issued, were convinced that it was in the best interest of the minor children to attend St. Joseph's school in Thompson, Connecticut. It is also significant that the parties have set about a constant course of bickering, sniping and generally being disagreeable with one another resulting from financial disputes. The court finds that the minor child Justin has been attending St. Joseph's since kindergarten and he has successfully enjoyed his educational experience and the interaction with the other students that have become his peer group.
Therefore the court finds that it is in the best interest of the minor child to continue to attend St. Joseph's school as originally contemplated by the parties at the time of dissolution in 1998.
The next issue the court has to address is the financial abilities of the respective parents to pay 50 percent of the tuition expense. The court, after review of the financial affidavits of the parties, finds that the defendant has the ability to make a 50 percent contribution of the tuition at St. Joseph's school and accordingly orders that the parties share equally the tuition expenses of the minor child as long as he continues to attend St. Joseph's school. CT Page 16082
It is so ordered.
Kocay, J.